# LEATHE *v.* THOMAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 21. Argued October 17, 1907.—Decided November 11, 1907.

In a case coming from a state court this court can consider only Federal questions decided adversely to the plaintiff in error and upon which a decision was necessary to the decision of the case, and if the judgment complained of is supported also upon other and independent grounds it must be affirmed or the writ of error dismissed.

When the record discloses other and completely adequate grounds on which to support the judgment of a state court, this court does not commonly inquire whether the decision upon them was correct or reach a Federal question by determining that they ought not to have been held to warrant the result.

Writ of error to review 218 Illinois, 246, dismissed.

THE facts are stated in the opinion.

*Mr. John Maynard Harlan*, with whom *Mr. James S. Harlan* and *Mr. Victor Koerner* were on the brief, for plaintiff in error:

The issue raised by the third and fourth pleas of set-off is identical with the issue adjudicated in the case of *Belleville & St. Louis Railway Co. for the use of Thomas* v. *Leathe*, 84 Fed. Rep. 103, namely, Leathe's personal liability or non-liability under the instrument of March 25, for the debts of the railway company, and, therefore, the subject matter of these pleas is *res judicata.* Moreover, the only issue in this case in the lower court was that raised by the third and fourth pleas of set-off and that issue having been decided in favor of Leathe in the Federal court, the state court should have given full faith and credit in this suit to the judgment of the Federal court. This it did not do.

If, as claimed by the defendant in error and as held by the Supreme Court of Illinois in its second and final opinion, the judgment in that court was founded, not on the third and fourth pleas, but on the first and second pleas of set-off, then

the plaintiff in error has not been accorded due process of law since no evidence whatever was adduced in support of the first and second pleas; there were no findings based upon those pleas and no trial whatever was had upon them.

This court has jurisdiction to inquire whether full faith and credit and full force and effect have been given to the judgment of the Federal court; in determining this question the court may examine the entire record. *Washington Gas Co.* v. *District of Columbia,* 161 U. S. 316.

Rights acquired under a Federal judgment are substantial rights which this court will guard and protect. When a Federal court has, by its final judgment, disposed of a controversy, the person in whose favor the judgment was so rendered may confidently rest upon it as giving him a substantial and practical immunity from further prosecution on the same subject matter.

This court will not be controlled by the mere surface appearance of things as created by the opinion of a state court, but, in the protection of rights acquired under a Federal judgment, will look into the substance of things and ascertain their real character.

Whether a state court has given due effect to the judgment of a court of the United States is a question arising under the Constitution and laws of the United States and comes within the jurisdiction of this Court. *Crescent Live Stock Co.* v. *Butchers' &c. Co.,* 120 U. S. 141; *Washington Gas Co.* v. *District of Columbia,* 161 U. S. 316.

*Mr. Edward L. Thomas,* defendant in error, *pro se:*

The errors assigned on the record upon the appeal from the appellate court to the Supreme Court of Illinois, were too general to raise the question of former adjudication, and presented no question for determination upon that issue. *Louisiana, A. & M. R. R. Co.* v. *Board of Levee Com.,* 87 Fed. Rep. 594.

Not being properly presented to the court below, this court will not consider it. *Ansbro* v. *United States,* 159 U. S. 695.

There is ample evidence to support the first and second pleas,

and the affirmance of the case by the Supreme Court of Illinois is in pursuance of a statute of Illinois. This court will not review or reverse a decision of a state court upon a question of statutory practice. *Nobles* v. *Georgia,* 168 U. S. 398–405; *Egan* v. *Hart,* 165 U. S. 188; *Eustis* v. *Bolles,* 150 U. S. 361.

This court is bound by the construction of a statute of a State given to it by the courts of that State. *Nobles* v. *Georgia,* 168 U. S. 388–405.

The question as to the effect to be given the report of a referee under the Illinois statute is governed by the practice and decisions of the local courts. The statement of the referee as to the facts is no part of his verdict. The conclusions of law are his verdict and are treated as a general verdict of a jury.

This construction is not reviewable in this court, and is binding on this court.

The three foregoing propositions are questions of state practice under state statutes and, being determined by the state court, that determination is final.

When a party invokes an adjudication, he is bound by it in every particular, and the adjudication must have the effect given it by the court that made it, and when that court itself finds what it adjudicated, and what it did not adjudicate, that finding is to be taken in all courts as the extent of its adjudication.

The Circuit Court of Appeals held that the original cause of action had not been adjudicated and was still at large. *Belleville & St. Louis R. R. for use of Thomas* v. *Leathe,* 84 Fed. Rep. 103; *Leathe* v. *Thomas,* 109 Ill. App. 434.

The doctrine of former adjudication does not extend to matters not in issue in the former suit. Black on Judgments, § 731; *Gray* v. *Gillian,* 15 Illinois, 457.

The case cited by the dissenting justices and by counsel, namely, *Beloit* v. *Morgan,* 7 Wall. 619, was practically overruled in *Cromwell* v. *County of Sac,* 94 U. S. 351; and see *Belleville & St. Louis R. R. Co.* v. *Leathe,* 84 Fed. Rep. 103, and authorities there cited.

A party is not bound to join and prove all of his causes of action, although they arise from the same transaction. Black on Judgments, § 733; Van Fleet on Former Adjudication, § 279.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action upon judgments obtained in Missouri by the plaintiff in error against the defendant in error, hereafter called respectively plaintiff and defendant. The defendant, not denying the judgments, pleaded four pleas in set-off. The first was for money had and received, interest, and upon an account stated. The second was upon an alleged contract of January 24, 1893. The third set up an alleged contract of March 25, 1893, to pay the debt of a railroad company to the defendant, a suit and judgment for the defendant against the railroad company, a bill in equity brought by the plaintiff to enjoin the proceedings in that suit, upon which one of the issues was the liability under the contract, and that after a hearing the bill was dismissed. The fourth plea was on the contract of March 25, without more. There was a general replication denying the pleas, and also a special replication to the third and fourth, to the effect that a suit upon the alleged contract was brought against the plaintiff for the use of the defendant and removed to the United States Circuit Court and there determined in favor of the present plaintiff, the proceedings set up in the third plea being held not conclusive. (The suit referred to is *Belleville & St. Louis Ry. Co.* v. *Leathe,* 84 Fed. Rep. 103.) The case was sent to a referee to report his conclusions of law and fact. The referee reported in favor of the defendant and also reported the evidence. The trial court ordered judgment on the referee's report. This judgment was affirmed by an intermediate court and then was taken by writ of error to the Supreme Court of the State. That court held that the judgment of the United States Circuit Court made the matter of the third and fourth pleas in set-off *res judicata,* and reversed the judgment of the court below. But, upon a rehearing, the court, while adhering

to its judgment upon the third and fourth pleas, stated that it had overlooked the first and second, that the judgment could be sustained upon them, that there was evidence to support them both, or at least the first, and that the referee's finding might be supported under the first. On these grounds the judgment was affirmed. 218 Illinois, 246.

The case now is here on a writ of error, the errors alleged being that full faith and credit was not given to the judgment of the United States court, and that the present judgment was rendered without due process of law. It is true that the judgment of the United States court was held binding against the pleas to which it applies, but it is said that it is emptied of all real effect if a judgment can be entered upon the first and second pleas, referring to earlier stages of the same transaction, because it is said that there was no evidence to support those pleas and no finding upon them, so that to support the judgment by their presence on the record is a mere pretense, and either is a denial of due credit to the former judgment or deprives the plaintiff of his property without due process of law.

In order to dispose of the case it is not necessary to state the dealings in detail; the following outline is enough: The defendant wanted money from the plaintiff to start a railway company. An agreement with regard to it was made on January 24, 1893, out of which, with the accompanying and subsequent transactions, the defendant sought to establish a right to be reimbursed for his advances to the road. Later, on March 25, of the same year, there was a conveyance of its property by the railway company to the plaintiff and a conveyance by him to another company. The former deed was for one dollar and "other valuable considerations to it from him moving," and the defendant alleged that the other considerations embraced a promise of the plaintiff to reimburse him. The referee's report refers to the dealings of January, but seemingly discovers no contract of reimbursement in them. It shows that the plaintiff insisted that all that he did was under the agreement of that month, but says that the evidence does not prove it con-

clusively. It says that matters culminated in the agreement
of March 25, and finds that as part of the consideration of that
deed the plaintiff promised to pay.

The judgment purported to be based upon the referee's re-
port, and it may be that, if it were our concern to deal with it,
we should find it hard to discover sufficient warrant for a judg-
ment on the first or second pleas. The general line of thought
which the report follows seems to lead to the third and fourth.
The conclusion is that the defendant is entitled to recover the
amount of the judgment mentioned in the third plea, and this
follows immediately after the finding of the plaintiff's promise.
The plaintiff excepted to the referee's failure to find that every-
thing was done under the January contract. And further
reasons might be given for thinking that the court below was
wrong. Even if the words of the judgment, "renders judgment
on said referee's report," should be held to include the evidence
as well as the referee's findings, and if it should be presumed
that one of the courts below the Supreme Court of the State
had reconsidered the evidence before entering or affirming the
judgment, still, although there was evidence enough of the de-
fendant's advances to the railway company, we might assume,
for purposes of argument, that there was nothing sufficient to
make out a promise on the plaintiff's part before March. But
on the most favorable statement that we can make on the side
of the plaintiff in error we can see no ground for coming to this
court.

It is admitted that the general and well-settled rule is that
in a case coming from a state court this court can consider only
Federal questions, and that it cannot entertain the case unless
the decision was against the plaintiff in error upon those ques-
tions. *Murdock* v. *Memphis*, 20 Wall. 590; *Sauer* v. *New York*,
206 U. S. 536, 546. It is admitted further, that a decision upon
those questions must have been necessary to the decision of
the case, so that if the judgment complained of is supported also
upon other and independent grounds, the judgment must be
affirmed or the writ of error dismissed, as the case may be.

*Murdock* v. *Memphis, supra.* But *Murdock* v. *Memphis* does not stop there. It further establishes that when the record discloses such other and completely adequate grounds this court commonly does not inquire whether the decision upon them was or was not correct, or reach a Federal question by determining that they ought not to have been held to warrant the result. 20 Wall. 590, 635; *Eustis* v. *Bolles,* 150 U. S. 361, 369; *Castillo* v. *McConnico,* 168 U. S. 674, 679.

Of course, there might be cases where, although the decision put forward other reasons, it would be apparent that a Federal question was involved whether mentioned or not. It may be imagined, for the sake of argument, that it might appear that a state court even if, ostensibly deciding the Federal question in favor of the plaintiff in error, really must have been against him upon it, and was seeking to evade the jurisdiction of this court. If the ground of decision did not appear and that which did not involve a Federal question was so palpably unfounded that it could not be presumed to have been entertained, it may be that this court would take jurisdiction. *Johnson* v. *Risk,* 137 U. S. 300, 307. But there is nothing of that sort in this case. At first, having in mind only the third and fourth pleas, to which alone the judgment of the United States court was a bar, the Supreme Court decided in favor of the plaintiff. It affirmed the judgment below only upon a rehearing, and after its attention had been called to the first and second pleas. It did not recede from or qualify its former decision so far as that went, but simply pointed out that there were other pleas to which the replication of *res judicata* did not apply and on which the judgment might be upheld. Suppose that it was mistaken as to the evidence, the mistake was upon a matter admitting of hesitation, for which it would seem from the opinion that there were special reasons in the state of the record and the admission of counsel. The question is one with which by the general rule we have nothing to do, and we see no reason why the general rule should not be applied.

The first and second pleas were on the record and at issue.

The plaintiff had notice that the defendant meant to prevail on whatever ground he could.. He had his hearing, even if it should be thought that he might have insisted on a ruling that there was no evidence to support those pleas. However it is put, the claim of a right to resort to this court after the only Federal question has been decided in the plaintiff's favor, must fail.

*Writ of error dismissed.*

MR. JUSTICE HARLAN and MR. JUSTICE DAY dissent.