WHITBECK, Respondent, vs. WISCONSIN TAX COMMISSION, Appellant.

*November 12, 1931—February 9, 1932.*

For the appellant there was a brief by the *Attorney General* and *F. C. Seibold*, assistant attorney general, and oral argument by *Mr. Seibold*.

For the respondent there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross*.

The following opinion was filed December 8, 1931:

ROSENBERRY, C. J. For reasons hereinafter stated, we do not reach the principal contention argued by the parties to this litigation. It is considered, therefore, that a statement of the various contracts entered into is unnecessary to a determination of this case. The principal question

argued here involves a determination with reference to a federal question. A decision either way, in view of the fact that the question is not necessary to a decision of the case, would prevent either party from having the matter reviewed by the United States supreme court. *Leathe v. Thomas,* 207 U. S. 93, 28 Sup. Ct. 30; *Postal Tel. Cable Co. v. Newport,* 247 U. S. 464, 38 Sup. Ct. 566. In view of this situation we shall not undertake to decide that question in this case.

The income tax act was first enacted in 1911. At that time no provisions were made for a refund. The only remedy a taxpayer had was a resort to the general remedial statutes of the state, especially sec. 74.73, Wis. Stats. The income tax act was ch. 48a, being secs. 1087m—1 to 1087m—30, inclusive, Stats. 1911. Sec. 1087m—18 provided:

"No person subject to assessment by the county assessor shall be allowed in any action or proceeding to question any assessment of income, unless objections thereto shall first have been presented to the county board of review in good faith and full disclosure made under oath of any and all income of such party liable to assessment."

By sec. 1087m—11, Stats. 1919, provision was made for the correction of mistakes by the making of additional assessments under certain circumstances. In order to permit the correction of mistakes made against the taxpayer as well as those made in his favor and against the state, secs. 71.10 and 71.11 of the Statutes of 1921 were amended. By amendment of sec. 71.10, Stats. 1923, the right of the taxpayer in this respect was enlarged. In the Statutes of 1925, sec. 71.26, there appears for the first time a provision for a refund of income taxes. It was provided that the person aggrieved might file a claim against the taxing district in which the tax had been paid, whether the tax had

been voluntarily paid or not, and if it appeared to the proper board that the tax was excessive, the taxing district was required to refund the amount of the excess. This section required every claim under it to be filed within two years and every action to recover any money so paid to be brought within three years of the date of payment.

Ch. 539 of the Laws of 1927 was a revision of the income tax law. By the enactment of this chapter, sec. 71.26 of the Statutes of 1925 was repealed, and by sec. 71.17 of the Statutes of 1927 a new provision for refunds and credits was created. Under the decision in *Straus v. Wisconsin Tax Comm.* 201 Wis. 470, 229 N. W. 546, it is conceded that the right of the plaintiffs to recover for taxes paid for the years prior to 1926 was barred unless the right exists under the provisions of sec. 71.17 (5) of the Statutes of 1927, which provides:

"Every claim for refund or credit of income or surtaxes shall be filed with the Tax Commission in case of assessments made by it, and with the assessor of incomes in case of assessments made by him, and such claim shall set forth specifically and explain in detail the reasons for and the basis of such claim. . . . If after hearing as provided in section 71.12 any portion of the claim is disallowed and the person filing the same shall have availed himself of the remedies provided in sections 71.14 and 71.15, such person shall have the right of appeal to the court but only as provided in section 71.16."

Sec. 71.14 provides that no action shall be maintained upon any assessment of income unless written objection thereto shall first have been presented in good faith to the Tax Commission or the county board of review and full disclosure made under oath of any such party's liability to assessment, unless the claimant shall have availed himself of the remedies provided in sec. 71.12, which relates to field investigation. It appears, therefore, that the law as revised

and rewritten in 1927 continued sec. 71.14 in force and made the right of claimants dependent upon compliance with it.

It is considered, therefore, it being conceded that the several plaintiffs did not comply with the law, that the trial court correctly held the taxes for the years prior to 1926 could not be recovered. So far as we are able to ascertain from the record, the plaintiffs in the several actions have made no attempt to comply with the provisions of sec. 71.14 of the Statutes of 1927. The plaintiffs proceeded herein by filing a claim for a refund with the assessor of incomes as provided by sec. 71.17 (5). That section provides, as already indicated, that in order for the claimant to avail himself of a right to appeal to the court, the claimant must have complied with secs. 71.14 and 71.15. It is not enough that under the provisions of secs. 71.10 and 71.11 the assessment might have been corrected. The right to resort to judicial review is by sec. 71.17 (5) as well as sec. 71.16 (2) conditioned upon compliance with sec. 71.14. Therefore under no circumstances are the plaintiffs entitled to maintain these actions. It is immaterial whether the income was taxable or not.

The contention that sec. 71.14 applies only to cases where suits are brought originally in the courts of the state must fall because by the very terms of the section under which the proceeding is brought and by the provisions of sec. 71.16, the right to judicial review is conditioned upon compliance with sec. 71.14.

If it should be argued that nothing was subject to review except the taxability of the income in question and for that reason the action might be maintained under the authority of *Krembs v. Merrill*, 183 Wis. 241, 197 N. W. 818, it is sufficient to say that sec. 70.47 (6), which was involved in that case, gave the board of review power to review the

amount and valuation of personal property and nothing else. The bar of the statute therefore related only to questions involved in the amount or valuation of personal property and did not apply to taxability. Sec. 71.14 involves the whole assessment, including taxability, and is as broad in its terms as it is possible to make it.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.