Ross, Respondent, vs. WISCONSIN TAX COMMISSION, Appellant.

*November 12, 1931—February 9, 1932.*

For the appellant there was a brief by the *Attorney General* and F. C. *Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

For the respondent there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross.*

ROSENBERRY, C. J. The issues presented in this case are the same as those presented in *Whitbeck v. Wisconsin Tax Comm.,* decided herewith (*ante,* p. 58, 239 N. W. 655, 240 N. W. 804). The mandate in this case is the same as the mandate in that case for the reasons there stated.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

On motions for rehearing there were briefs by *Stephens, Sletteland & Sutherland* of Madison, attorneys for respondents Elwell and Hart, and *Bagley, Spohn, Ross & Stevens* of Madison, attorneys ·for respondents Whitbeck and Ross; by the *Attorney General* and *F. C. Seibold,* assistant attor-

ney general, attorneys for appellant; and by *Bottum, Hudnall, Lecher, McNamara & Michael; Lines, Spooner & Quarles; Miller, Mack & Fairchild; Quarles, Spence & Quarles; Upham, Black, Russell & Richardson,* and *Wood, Warner & Tyrrell,* all of Milwaukee, and *Olin & Butler* of Madison, as *amici curiæ.*

The following opinion was filed February 9, 1932:

ROSENBERRY, C. J. On these motions for rehearing we have been urged by the plaintiffs to reconsider the determination reached herein. In this counsel for plaintiffs have been joined by other distinguished counsel who appear *amici curiæ* in support of plaintiffs' motions. We have again very carefully and fully considered the matter with the result that the conclusion already reached must be adhered to. In view of the importance of the question and the arguments presented we shall state our reasons therefor at some length.

The income tax act is embodied in ch. 71, Stats. Sec. 71.02 defines what constitutes taxable income. Sec. 71.03 relates to deductions from gross income of corporations. Sec. 71.04 relates to deductions from income of persons other than corporations. Sec. 71.05 specifies what income is exempt from taxation. Sec. 71.06 prescribes the rates of taxation. Sec. 71.09 confers upon the Tax Commission and assessor of incomes power to make assessments and requires every taxpayer to return the amount of his taxable income to the proper office on or before March 15th of each year. Sec. 71.10 provides for the averaging of incomes and sub. (2) contains the following provision:

"The Tax Commission or the assessor of incomes shall presume the incomes reported on the current return to be correct for the purpose of preparing initial assessment rolls, and shall enter on initial assessment rolls by taxation districts the average taxable income computed according to the preceding subsection. Such assessment rolls and all subse-

quent assessment rolls shall remain on file in the office of the Tax Commission or the assessor of incomes as the case may be. The Tax Commission and the assessor of incomes shall make duplicate copies of such assessment rolls and all subsequent assessment rolls provided by this section, and such duplicate rolls shall be known as tax roll. The Tax Commission and the assessors of incomes shall certify such tax rolls for collection of the tax to the county treasurers of the several counties within five months after the close of the fiscal or calendar year of any taxpayer."

This means by June 1st in the case of all taxpayers whose fiscal year corresponds to the calendar year. All income taxes not paid within thirty days after the same are due are deemed delinquent.

Sec. 71.10 (5) requires the Tax Commission or the assessor of incomes, as soon as practicable after the initial tax roll has been certified, to audit each return, and the Tax Commission and the assessor of incomes are required to notify the taxpayer of any adjustment, correction, or assessment made pursuant to the audit, and, if the taxpayer so desires, he is entitled under the provisions of sub. (6) to a hearing. If the tax is increased the treasurer shall proceed to collect the additional amount. If any tax has been overpaid the Tax Commission or assessor of incomes is authorized to certify the amount of the overpayment and the proper treasurer may refund the amount of such overpayment. By sec. 71.13 the Tax Commission is authorized to appoint three resident taxpayers of each county to serve as a county board of review. This board is required to meet on the last Monday of July, at ten o'clock a. m., and adjourns when it has disposed of the appeals before it. The assessor of incomes may reconvene the board any time until the last Monday of the succeeding month of July. Sec. 71.13 (3) (d). It may conduct hearings and review any assessment made by the assessor of incomes. If either party to the proceeding is dissatisfied with the determination of the county board of review, an appeal may be taken

■■■■■■■■■■■■■■■■

to the Tax Commission.  Sec. 71.16 seeks to provide an exclusive remedy for court review of any income tax assessment made, corrected, or confirmed.

As stated in the original opinion, a taxpayer is entitled to take an appeal from the determination of the Tax Commission in the manner provided.  Upon such an appeal, were it not for sec. 71.14, the taxpayer would be entitled to a review of the whole matter.  Therefore the question turns on what effect is to be given to that section.  It is quite apparent that the statutory scheme assumes that the taxpayer shall in the first instance assess himself.  This appears from the fact that the Tax Commission and assessor of incomes are required to presume that the incomes reported in the current return are in the first instance correct.  The statute affords ample opportunity for a hearing and for a review in cases where the amount of the tax is increased by office audit or by field audit.  What is reviewed on appeal is the correctness of the assessment made by the taxing officers in reviewing the taxpayer's assessment of himself.  The provision of sec. 71.14 which requires as a condition of questioning an assessment that the taxpayer shall have first presented objections to the assessment to the proper reviewing authority, is, as is pointed out in the briefs, quite clearly intended to apply to the initial assessment, which, under the statute as it now stands, is to be made by the taxpayer.  Previous to the revision of 1927, returns were required to be filed on or before March 15th. They were then audited, the taxpayer had an opportunity to go before the county board of review or the Tax Commission as the case might be, and the tax was not reviewed until later in the year and was not payable until after January first of the succeeding year.  So there was ample opportunity to object to the assessment.  As is pointed out in briefs of counsel, the board of review does not sit until after the tax becomes delinquent if not paid.  It follows, as is pointed out by counsel, that in the event that the tax-

payer has in his return made an erroneous initial assessment against himself, he has no right to a court review to correct that error. He may, however, have it corrected by the assessor of incomes or by the county board of review or by the Tax Commission as the case may be, and a refund may be made, but he has no right to a court review. His right, however, to a review of an increased assessment made on an office or field audit or on appeal remains. It is quite true that sec. 71.14 seems to be out of harmony with the general scheme provided by ch. 71. It also seems somewhat unfair to require the taxpayer to make the initial assessment at his peril. The experience of the taxing authorities, however, may have been such as to indicate that this was a matter of inconsiderable consequence. It must have been apparent that in some cases, of which the case at bar is a good illustration, it might work a hardship to the taxpayer, but that it does so operate as to prevent a court review of the initial assessment cannot be doubted. The provisions of sec. 71.14 operate, therefore, to impose upon the taxpayer the duty of correctly assessing himself at his peril. In case he does overtax himself, his only remedy is that provided by sub. (5) and (6) of sec. 71.10, and by filing a claim for a refund. Sec. 71.17 (5). If the reviewing authority refuses to certify any overpayment, the taxpayer is without other remedy. In the case at bar the thing attacked is the original assessment against which the taxpayer filed no objection. An objection to an assessment is one thing and objections to a tax levied pursuant thereto are another. Sec. 71.14 was at all times a part of the income tax law. It is a provision analogous to sec. 70.47 (6), relating to the assessment of personal property.

Inasmuch as the question raised in the case at bar relates to the initial assessment, as to which there was no objection or disclosure, what has been said disposes of the issues in the case. However, in view of the arguments made by counsel, it should be pointed out that failure to object as pro-

vided in sec. 71.14 to the initial assessment does not bar the taxpayer from his right to question a subsequent assessment to which he has objected. The statute could not be so construed as to bar the taxpayer from questioning a subsequent additional assessment because he had not objected to it before it was made. The statute very carefully provides that, where the assessment is increased as the result of an office audit or a field audit, the taxpayer shall be given notice before the amount of the additional tax is placed upon the assessment roll, and provides that a taxpayer deeming himself aggrieved shall be entitled to a hearing, thus giving him full opportunity to object to the increased assessment. If, having opportunity to do so, the taxpayer fails to avail himself of the provisions of the statute, he would no doubt be concluded as to the additional subsequent assessment by sec. 71.14. The statute is clearly designed to require (1st) the taxpayer to correctly assess himself; and (2d) to forthwith raise any question as to the validity of an additional subsequent assessment and in the manner provided by the statute, to conclude him in respect thereto if objection and disclosure is not made. Apparently under the provisions of sec. 71.17 the Tax Commission may order a refund in a proper case although the taxpayer would not be entitled to a court review of its action.

In the original opinion language was used which, considered apart from the facts of that case, permits the inference that the right to a court review in all cases depended upon objections made to the initial assessment. In this as in all other cases the language of the decision should be interpreted in the light of the facts with reference to which it was used. It is argued in the briefs that if it be held that the initial assessment made by the taxpayer is as to errors made by him against himself conclusive and in cases of additional assessments the taxpayer is required to proceed by objections before the county board of review and Tax Commission and by appeal, and that unless this remedy is

pursued refunds are impossible—sec. 71.17 (3),—then sec. 71.17 affords the taxpayer no relief. This is undoubtedly true so far as court review is concerned. The taxpayer is, however, entitled to have the matter passed upon by the proper administrative tribunal. The effect of sec. 71.14 is to confine court review to cases where the taxpayer has made objection to the assessment, initial or additional. Were it not for sec. 71.14, which is incorporated into secs. 71.16 and 71.17 by reference, the taxpayer's right to a court review would be substantially enlarged. The legislature could have had only one purpose in re-enacting sec. 71.14 and that was to limit the right of the taxpayer to a review of tax proceedings by the courts. It may well be that the statute as construed is very onerous and imposes upon the taxpayer a heavy burden. If that is true, it is a matter for the consideration of the legislature. We can only interpret and apply the statute as it is written. Limitation of the right of a court review does not operate, however, to limit his right to have the matters reviewed by the various taxing tribunals as provided in the statute. A consideration of claims for refund within the provisions of the statute by the assessor of incomes, county board of review, or the Tax Commission cannot enlarge the taxpayer's right to a court review as provided by the statute. Sec. 71.17 (1) provides in terms that the right to refund and credit shall be confined to the method provided for by the statute. There is no room, therefore, for incorporating into the statute by construction or interpretation any other method of review than that provided.

*By the Court.*—Motions for rehearing are denied, with $25 costs in one case only.