Turneaure, Appellant, vs. Tax Commission, Respondent.
Johnson, Appellant, vs. Tax Commission, Respondent.

*January 11—April 5, 1932.*

For the appellants there were briefs by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Frank A. Ross*.

For the respondent there were briefs by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold.*

The following opinion was filed February 9, 1932:

ROSENBERRY, C. J. In 1909 Dean Turneaure and Mrs. Johnson entered into a contract with the firm, John Wiley & Sons, for the publication of a text-book. By the terms of this contract Turneaure and Johnson agreed to bear one-half of the cost of electrotyping, manufacturing, and publishing the first edition of copies of the work. The cost of subsequent editions was to be borne by Turneaure and Johnson. The publishers were to print the books, distribute them, and receive forty-five per cent. of the retail price of the books on all export sales and fifty per cent. on all domestic sales, and of the amounts paid to Turneaure and Johnson each was to receive one-half. During the years 1922 to 1927, inclusive, the plaintiffs received considerable sums by way of returns on this contract. The net earnings under this contract were returned as taxable income by the taxpayers, taxes being paid when due without objection. On March 18, 1929, Turneaure filed a claim for a refund, claiming that the

amounts derived from the royalties were not taxable, being income derived from an instrumentality of the government of the United States. A like claim was filed by Mrs. Johnson in December, 1928. The income tax board of review for Dane county allowed the claim. The assessor of incomes then undertook to take an appeal under sec. 71.15, Stats. This section provides that he may appeal "within twenty days after the date of such determination to the Tax Commission, to whom a copy of the record of the board shall be certified, together with all evidence or a copy thereof, relating to such assessment. A copy of the notice of appeal shall be served upon the Tax Commission."

The last sentence was added by amendment in 1927. Prior to that time there was no statutory requirement as to the persons upon whom service was to be made.

The questions presented are: (a) Must service be made under the statute as it stood before the amendment, and (b) if so, upon whom? There being no statutory provision for service of notice of appeal, we must look to general principles of law for a solution of these questions. It is to be noted that the appeal is provided for the purpose of bringing before another administrative tribunal the determination of the county board of review.

At common law a writ of error was regarded as the commencement of a new suit. The right to a review by writ of error existed independently of statute. An appeal, on the other hand, was originally regarded as a continuation of the original suit, was purely statutory in origin, and the right to appeal was dependent upon compliance with the statute. Appeals are ordinarily taken by service of a notice. It is of the very essence of the proceeding that a notice be served upon all adverse parties and most statutes relating to appeals include this requirement. In this statute that requirement seems to have been assumed or is necessarily implied. It is highly improbable that the legislature intended that in so

important a matter as the removal of a cause from one tribunal to another, the opposite party was not to have notice.

The appeal in the first case was by the assessor of incomes and was entitled:

"In the matter of the Refund of Mrs. Phoebe Johnson.
"To Miss Selma Fjelstad, .
"Clerk, Dane County Board of Review,
"Court House,
"Madison, Wisconsin.

"Please take notice that the undersigned, the assessor of incomes for Dane county, being dissatisfied with the determination of the board of review which was made on March 30th in the matter of the refund of certain income taxes of Mrs. Phoebe Johnson, herewith appeals from said decision to the Wisconsin Tax Commission.

"Dated this 2d day of April, 1929.

"H. R. Briggs,
"Assessor of Incomes."

On the back of this notice appears the following:

"Served this second day of April, 1929.
"Frank H. Ray.
"Selma Fjelstad."

In the claim of Turneaure there is a similar notice of appeal but it is unsigned, there appearing in typewriting: "——— ———, Assessor of Incomes."

Pursuant to the attempted appeal, the county clerk, who is *ex officio* the clerk of the county board of review, certified and returned the record in the proceedings to the Tax Commission. It is held that failure to serve notice upon the adverse party is fatal to the appeal unless the defect was waived by claimants. So far as the record before the Tax Commission shows, no objection of any kind was raised to the jurisdiction of that body by reason of the failure to serve the notice of appeal or by reason of an insufficient notice of appeal in the Turneaure case. While the claims are in fact separate, that is, neither claimant has any interest in the claim

of the other, they arise out of the same contract and a consideration of one involves the same questions of law and fact as are involved in the other. They were treated as a consolidated claim in part and in part as separate claims. For the purpose of the return they were consolidated. So far as notices of appeal are concerned, it was deemed necessary to have a notice in each case. However, the claimants appeared before the Tax Commission, raised no objection, and the matter there seems to have been heard upon the merits. In taking an appeal to the circuit court the claimants embodied in their notices specifications of objections, of which there are three, none of which relates to any lack of jurisdiction on the part of the Tax Commission but raise questions of law upon the merits. Six errors are also assigned, none of which refers in any way to any lack of jurisdiction. These are followed by a statement of facts and propositions of law involved, no reference being made anywhere to any question of jurisdiction. So upon the record there is presented the question of whether or not the claimants' appearance before the Tax Commission, participation in the trial, and taking an appeal, waived the right to object to the jurisdiction of that body. That the Tax Commission had jurisdiction to review the finding and determination of the county board of review cannot be questioned. The only thing involved, therefore, is the jurisdiction of the person. Notice of appeal is for the benefit of the opposite party and may be waived. 2 Ruling Case Law, p. 111, § 87 and cases cited; 3 Corp. Jur. p. 1241, § 1345 and cases cited.

It is quite obvious that a more liberal rule should be applied to removal of a cause from one administrative tribunal to another than from one court to another because the procedure is much more informal. The record discloses that there was a good-faith attempt to remove the case from the county board of review to the Tax Commission by appeal; that claimants appeared before the Tax Commission and raised no question with respect to the jurisdiction of that

commission. It further appears that proceedings have been the same as they would have been if the appeal had been properly perfected and that the rights of claimants are in no way affected by the informality or defect in the appeal or failure to serve a notice. Under such circumstances it is considered that claimants by their appearance before the Tax Commission waived service of notice of the appeal, and defects in the notice, and that as a consequence the Tax Commission had jurisdiction of both claims.

The question upon the merits in this case is somewhat different than in *Whitbeck v. Tax Commission* and companion cases, *ante,* p. 58, 239 N. W. 655, 657, 240 N. W. 640, but the situation as to appearance before the county board of review is the same in all cases. These cases are ruled by the *Whitbeck Case,* where upon motions for rehearing the construction of the statutes involved is reconsidered.

*By the Court.*—Judgment in each case affirmed.

The following opinion was filed April 5, 1932:

ROSENBERRY, C. J. Upon motion for rehearing our attention is called to the fact that in the appeal of Turneaure to the Tax Commission objection was made on the ground that the Tax Commission should not take jurisdiction for the reason "that no proper appeal was ever taken from the decision of the income tax board of review under the statutes." On the part of the Tax Commission it is argued that the construction placed on sec. 71.15, Stats., is too narrow and restricted and erroneous. We find nothing in the statutes described as the income tax board of review. This was no doubt intended to refer to and should be construed as referring to the county board of review, provision for which is made by sec. 71.13, and we so construe it.

The error in the decision filed February 9, 1932, arose out of the fact that the records were returned and the cases were tried as identical in their facts. It now appears that

in addition to the objection made in *Johnson v. Tax Commission,* in this case objection was also made upon the ground of lack of jurisdiction. In response to the contention of the claimant, it is now urged on behalf of the Tax Commission that the appeal itself constituted a waiver of the claim of loss of jurisdiction by the claimant. In the view that we now take of this matter we shall not find it necessary to determine whether or not the claimant, by taking his appeal instead of resorting to *certiorari,* waived his right to claim loss of jurisdiction on the part of the Tax Commission.

Upon a reconsideration of the matter we reach the conclusion that what is described as an appeal in sec. 71.15 is not strictly an appeal, but is a provision whereby, upon application of either party, the secretary of the county board of review is required to certify the record to the Tax Commission and upon such certification the Tax Commission is authorized and required to review the assessment upon the record transmitted to it. No provision is made for the taking of further evidence before the Tax Commission nor is the Tax Commission required to receive briefs or hear oral arguments upon the review by it of the record made before the county board of review. By the provisions of sec. 71.15, set out in the margin,[1] the Tax Commission functions as a

---

[1] 71.15 *Appeals to tax commission by persons other than corporations.* (1) Any person, including the assessor of incomes, dissatisfied with any determination of the county board of review may appeal within twenty days after the date of such determination to the tax commission, to whom a copy of the record of the board shall be certified, together with all evidence or a copy thereof, relating to such assessment. A copy of the notice of appeal shall be served upon the tax commission.

(2) The tax commission shall review such assessments from the record thus submitted, and shall make necessary corrections and certify its conclusion to the county clerk, who shall duly notify the person liable for the taxes, and the assessor of incomes shall enter the corrected assessment on the assessment roll and certify the proper tax in the same manner as other income taxes are certified.

part of the taxing authority, and the assessment is not in fact complete if at the instance of one party or the other the record made before the county board of review is removed to the Tax Commission. The Tax Commission does not search the record for errors. It considers the record and upon its own judgment determines the amount of the assessment. This is indicated by the fact that when the Tax Commission has made its findings, the county clerk is required to notify the person liable for the taxes, and the assessor of incomes, not the county board of review, is required to enter the corrected assessment on the assessment roll and certify the proper tax in the same manner as other income taxes are certified. Its determination becomes the final determination unless it is set aside in the manner provided by law. We are satisfied that the transfer of the record from the county board of review to the Tax Commission is not an appeal although it is so denominated in the statute and we so treated it in our consideration of the original case. The fact that it was improperly named an appeal must yield to the nature of the proceeding. The Tax Commission does not function as a reviewing body in the sense that a court reviews the determination of an inferior tribunal. It is under the statute in certain cases the final administrative authority for the determination of the amount of the assessment, and for that reason an appeal to the court lies from the determination of that body in cases where the record has been removed to it under the provisions of sec. 71.15.

Much confusion has arisen in this case because of the fact that the record of the claims filed by the plaintiff in this action and by Mrs. Johnson in the companion case were not kept separate. It was that fact which led to the error in regard to the objections made. In the file in the Turneaure case nothing appears prior to the appeal from the findings, decision, and order of the Tax Commission dated August 4,

1930. The remainder of the record, such as it is, is to be found in the Johnson file, but in the Johnson file there appears the notice of appeal in the matter of the refund to F. E. Turneaure. It is identical with the notice set out in the original case except that the name "F. E. Turneaure" is substituted for Mrs. Phoebe Johnson. Pursuant to this notice in the matter of the Turneaure claim, the record was in fact certified to the Tax Commission for review by it. Having arrived at the conclusion that this step in the assessment process is not an appeal in the sense in which that term is used in relation to court proceedings and courts, it is considered that the notice in the Turneaure case, although unsigned, is a sufficient warrant or authorization to require the county clerk to certify the record to the Tax Commission for review under the provisions of sec. 71.15. No question of jurisdiction is involved in the sense in which the term is ordinarily used with respect to the authority of a court, and so much of the former decision as held that the removal to the Tax Commission under sec. 71.15 is an appeal and that service of notice was necessary, is withdrawn. This results in no change in the mandate.

In the original opinion the statement is made that the claimant appeared before the Tax Commission. This was based upon a statement in the opinion of the Tax Commission. We are informed by counsel that this refers to the hearing before the county board of review. The correction is made in the interest of accuracy. Claimant did file a brief but no hearing was had.

*By the Court.*—Motion for rehearing denied, without costs.