YAWKEY, Appellant, vs. TAX COMMISSION, Respondent.

*May 8—September 12, 1933.*

For the appellant there were briefs by *Bottum, Hudnall, Lecher, McNamara & Michael,* and oral argument by *George D. Spohn,* all of Milwaukee.

For the respondent there was a brief by the *Attorney General* and *F. C. Seibold,* assistant attorney general, and oral argument by *Mr. Seibold* and *Mr. Joseph G. Hirschberg,* deputy attorney general.

The following opinion was filed June 6, 1933:

FAIRCHILD, J. The appellant urges that the determination of the county board of review to set aside the additional assessment is a final and conclusive decision; that the board's conclusion upon the fact of value of the stock at the time of the gift in December, 1922, made after reviewing conflicting testimony, must be accepted for the purposes of assessment if the finding in that respect is supported by substantial evidence. The argument for this contention is based

on the theory that the power of the Tax Commission in passing upon appeals to it from the board of review is limited to the correction of errors and is not extended by sec. 71.15, Stats., so as to permit that body to make its own determination as to the assessment. Prior to 1925 the appeal to the Tax Commission under sec. 71.15 was permissive only, and a court review of the determination of the county board of review might be had by *certiorari*. Ch. 446 of the Laws of 1925 made mandatory an appeal to the Tax Commission under sec. 71.15, and in the general revision of 1927, ch. 539, this practice was continued, so that since 1925, when dissatisfied with the determination of the county board of review, either the assessor of incomes or the taxpayer has taken the matter before the Tax Commission. The Tax Commission then reviews the assessment from the record containing all the evidence relating thereto and it becomes its duty to make necessary corrections. Now the question is as to whether or not, in reviewing an assessment on appeal from the county board of review, the Tax Commission is confined to a consideration of the existence of evidence to support the board's finding, or whether or not the Tax Commission by way of correction may consider all the evidence and make an assessment which in its opinion is warranted.

"Every system of taxation consists of two parts,—first, the elements that enter into the imposition of the tax, and, second, the steps taken for its assessment and collection." 1 Cooley, Taxation, § 78.

The first part is a legislative function; the second, the part with which we are concerned on this appeal, relates to the mechanism by which the power to value property for taxation purposes is exercised. The necessity of supervising by a central administrative body of the infinite variety of interests affected by the tax-assessment process is obvious and there is no obstacle in the way of the legislature placing supervising control of this process in the Tax Commission.

Practical considerations have prompted the legislature to delegate that duty to that commission. The processes of taxation after the determination of the amount of revenue to be raised and from the time of the valuation of the property when tax is to be levied upon property, the determination of income when it is to be levied upon income, the determination of the value of the estate when it is to be levied upon inheritance, lie wholly within the administrative field. It is the function of the Tax Commission· under the authority conferred upon it by statute to review critically and deliberately assessments made by those who act primarily upon the questions of value and to exercise its own independent judgment as to the assessment. It evidently was the broad purpose of the legislature in providing this review to make the Tax Commission in all cases the final administrative authority in the determination of contests over assessments, and to make it the final assessing body.

The result reached in the case of *Turneaure v. Tax Commission,* 207 Wis. 436, 240 N. W. 807, 242 N. W. 150, as to the distinction between procedural methods in settling questions raised before administrative bodies and the procedure followed by the courts is adhered to. We said:

"The Tax Commission does not function as a reviewing body in the sense that a court reviews the determination of an inferior tribunal. It is under the statute in certain cases the final administrative authority for the determination of the amount of the assessment, and for that reason an appeal to the court lies from the determination of that body in cases where the record has been removed to it under the provisions of sec. 71.15."

Should it be held that the function of the Tax Commission is only to review the record made before the board of review for the sole purpose of correcting errors in accordance with established principles of law applicable to courts, there would be imposed upon the Tax Commission a purely judicial function which would destroy any administrative

value of the power the legislature intended to confer upon the commission when it used the words in sub. (2) of sec. 71.15:

"The Tax Commission shall review such assessments from the record thus submitted, and *shall make necessary corrections and certify its conclusions.*"

This same section provides that the corrected assessment is to be entered on the assessment roll.

The powers and functions of the Tax Commission were reviewed at some length in the case of *Peninsular Power Co. v. Tax Commission*, 195 Wis. 231, 218 N. W. 371. It was there said: "The Tax Commission is the supreme administrative body of the state with reference to matters of assessment and taxation." When the record before the county board of review is passed upon by the Tax Commission and the determination of the board of review is corrected to conform to what the Tax Commission decides to be the correct assessment under the law and facts, then that decision becomes the assessment.

Appellant contends that certain words in the income statutes necessitate the construction that the Tax Commission is confined to a consideration of whether evidence to support the findings of the county board of review exists. In sub. (8) of sec. 71.16 the following words do occur:

"The proceedings of the Tax Commission and the county board of review shall be presumed to be legal, and the determination of the Tax Commission or the county board of review shall not be impaired, vitiated or set aside upon any grounds not affecting the legal groundwork of the tax."

On the other hand, the review by the Tax Commission of additional assessments against individuals upon appeal is provided for in sec. 71.15 and under it "The Tax Commission shall review such assessments from the record thus submitted, and shall make necessary corrections and certify its conclusion to the county clerk, who shall duly notify the per-

son liable for the taxes, and the assessor of incomes shall enter the corrected assessment on the assessment roll and certify the proper tax in the same manner as other income taxes are certified." There does not appear to be any limitation fixed in this section upon the Tax Commission except to review the assessment from the record submitted. The words and phrases relied upon as running counter to the construction adopted in the *Turneaure Case, supra,* if given the meaning sought for by appellant, run counter to the apparent purpose and other clear provisions of the statute. If we keep in mind that the Tax Commission is purely an administrative body, the master working with subordinates, responsible for the completed task, and the fact that these three administrative authorities in successive steps are concerned in the process of completing a questioned assessment, the likelihood for confusion grows less.

We do not consider the doctrine of *Lewis v. Racine,* 179 Wis. 210, 190 N. W. 476, applicable to this situation. Prior to 1925 the determination made by the county board of review was reviewable on *certiorari.* The amendments to the law since then confine the court review to determinations of the Tax Commission. The statute now authorizes and directs the commission to review the assessment. This necessarily involves an independent consideration of the matter. An appeal from the county board of review to the Tax Commission is a necessary prerequisite to a judicial review, and appeals from the Tax Commission are now the method for obtaining a court review of any assessment of income or surtaxes. The court is required upon such hearings to disregard omissions not affecting the legal groundwork of the tax and to enter an order confirming such assessment, directing judgment accordingly, unless it shall appear that such assessment is in part or in whole illegal.

The legislature having made the Tax Commission the final administrative authority, it cannot also be presumed to have

intended, by the words employed in the portion of sec. 71.16 quoted above, to offset or destroy the effect of the positive commitment to that board of the duty of making necessary corrections of assessments. The rule controlling in a court's review of an inferior tribunal that findings will not be disturbed unless against the great weight or clear preponderance of the evidence does not apply to the review by the Tax Commission. The duty and power of the Tax Commission is to make necessary corrections. It must exercise its own judgment as to whether the findings of the board of review are correct. The review there provided for is not a judicial review but an administrative one. The corrections to be made are not corrections with respect to the application of law alone but corrections of the assessment itself. The only errors that the Tax Commission can by any possibility correct by a review of the record made before the county board of review must be with respect to errors upon the application of the law and errors in reaching the conclusion arrived at by the board of review upon the facts. When the record brought from the county board of review is passed upon by the Tax Commission and the determination of the county board of review is corrected to conform to what the Tax Commission finds to be the correct assessment under the facts, then, as pointed out in the *Turneaure Case,* that determination of the Tax Commission becomes the assessment. The Tax Commission having acted within the scope of its powers, the circuit court properly confirmed the order.

*By the Court.*—Judgment affirmed.

The following opinion was filed September 12, 1933:

Per Curiam. Upon the motion for rehearing the appellant contends that sec. 71.15 as interpreted deprives the appellant of his property without due process of law in violation of sec. 1, art. XIV, of the amendments to the federal constitution, in that the statute makes no provision for the

giving of notice and an opportunity to be heard before the Tax Commission; that there is conferred by this section on an administrative body the power to vacate and set aside a determination by the board of review, and that this is in violation of sec. 8 of art. VII of the constitution of the state of Wisconsin and in violation of the Fourteenth amendment to the federal constitution; that secs. 71.15 and 71.16 as interpreted are unconstitutional in that they deprive the appellant of the right to obtain a judicial review of the legal sufficiency of the evidence claimed in this case to support the determination of the Tax Commission.

The court has considered these contentions and has said in the opinion deciding the case: "The necessity of supervising by a central administrative body of the infinite variety of interests affected by the tax-assessment process is obvious and there is no obstacle in the way of the legislature placing supervising control of this process in the Tax Commission."

The claims thus advanced are without foundation.

Motion for rehearing denied, with $25 costs.