ELWELL, Appellant, vs. TAX COMMISSION, Respondent.

*June 3—June 24, 1935.*

For the appellant there was a brief by *Leo J. Federer* of Milwaukee, and *Stephens, Sletteland & Sutherland* of Madison, and oral argument by *Mr. Federer.*

For the respondent there was a brief by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, and oral argument by *Mr. Naujoks.*

FAIRCHILD, J. The controlling questions on this appeal are, in the main, similar to those treated with in *Laabs v. Tax Comm., ante,* p. 414, 261 N. W. 404, decided June 4, 1935. The decision in that case rules this appeal. A decision of the supreme court of the United States, *Long v. Rockwood,* 277 U. S. 142, 48 Sup. Ct. 463, which was subsequently overruled, was followed as the law by the Tax Commission during the period of time (1928 to 1932) intervening between that decision and the decision overruling it. *Fox Film Corp. v. Doyal,* 286 U. S. 123, 52 Sup. Ct. 546. While the rule of the *Rockwood Case* was understood to be the law, the Tax Commission of this state decided to impose no assessment upon the income of the taxpayer arising from royalties received from the sale of his copyrighted books. When the decision was overruled and the law, as it is, was recognized in the *Fox Film Corp. Case,* the assessment on this income was duly made, and the taxpayer notified thereof. These reviewing appeals followed.

Shortly after the decision in the *Rockwood Case,* the taxpayer sought to recover refund of taxes assessed on royalties in years prior to 1928. The case was before this court, and the right to refund denied the taxpayer; the denial being based on procedural grounds. *Whitbeck v. Wisconsin Tax Comm.* 207 Wis. 58, 239 N. W. 655, 240 N. W. 804. The

question of the taxability of royalties was not then considered. Following that decision by this court, the taxpayer conferred with the assessor of incomes for Dane county and representatives of the Wisconsin Tax Commission with the idea of adjusting his claims for the refund. He assigns as error, upon this appeal, the refusal of the circuit court to hold the existence of a valid agreement between appellant and respondent resulting in a final and conclusive determination of appellant's tax liability for said years, preventing the additional assessment now complained of. In that contention he cannot be sustained for the commission has no power to pass upon an assessment against a taxpayer except as that assessment comes before it in the regular manner provided by law. Whatever the purpose of the taxpayer in promoting these conferences may have been, the tax officials did not do more than to advise of their ruling and understanding of the law in regard to the taxation of incomes from royalties. The promulgated rule of March 31, 1932, reads:

"Where the taxpayer claims that any income received by him is derived from an instrumentality of the federal government and said income is therefore exempted from the payment of Wisconsin income taxes, the Tax Commission and all tax administrators will determine the question of taxability from the facts in each particular case by applying the following:

"When the income is shown to arise from a benefit directly conferred by an instrumentality of the federal government and the income arises solely from the operation and not from the sale or other disposition of said instrumentality and is received by the original grantee of the instrumentality, or his heirs, the income will be exempt.

"The commission will not determine the question of taxability of any assessment except as that question comes before it in regular manner as provided by statute. Upon such question being raised by any taxpayer, it will be determined by applying the above rule to the facts in each case, first, by the Assessor of Incomes, and thereafter in regular order

as the question may come before the Board of Review and the Tax Commission."

The conferences did not result in a deduction or additional assessment. Certainly neither of those actions were taken as a result of the discovery of new facts made in the course of a field audit. The purpose of such audits is the ascertaining of the true state of facts. They cannot be used for the purpose only of foreclosing the state from its right to the revenue it has proposed to exact from a taxpayer while the taxing officials are prevented from making a proper assessment. The taxpayer's returns for the years involved show a claim by him that his receipts from royalties were nontaxable income, and the taxing authorities, relying on an erroneous ruling by a court, assumed the nonexistence of a law, and acquiesced in the taxpayer's claim. The fact that the taxpayer and the officials conferred upon the subject adds nothing legally material or capable of turning those conferences into lawful proceedings effective to determine, finally, the propriety of an additional assessment, or to result in depriving the state of its right to proceed under the law to collect the tax due it. The taxing officers simply accepted the taxpayer's return at face value and agreed with his construction of the law. No additional assessment rolls, including corrections pursuant to secs. 71.10 and 71.11, Stats., were made as a result of such conferences. No circumstances existed moving the judgment of the Tax Commission or the assessor of incomes to the advisability of an investigation of facts verifying the return. There was no disagreement as to the income, and the integrity of the taxpayer's return was not doubted. There was no action of the assessor on which to base the claim of an additional assessment. As nothing in the way of an additional assessment was then made, there was nothing to become final, and the matter was open until the statutes of limitation closed it. The last of the confer-

ences occurred May 2, 1932. The decision in the case of *Fox Film Corp. v. Doyal, supra,* was announced May 16, 1932, and thereafter, and well within the time limited by statute, the tax assessor, then applying the correct rule of law, proceeded to make the proper assessment against the taxpayer. *Laabs v. Tax Comm., supra.* Under the decisions referred to and the statutes governing in such instances, we hold that no barrier existed to the assessment; that the taxpayer has no legal cause for complaint because thereof; and that the additional assessment made by the assessor of incomes is proper and lawful.

*By the Court.*—Judgment affirmed.